**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JONATHAN S. PINK, SB# 179685
  E-Mail: Jonathan.Pink@lewisbrisbois.com
ROHINI ROY  (Pro Hoc Pending)
  E-Mail:  Rohini.roy@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant CIM GROUP, LP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GORDON OPPENHEIMER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LOCKEHOUSE RETAIL GROUP, INC., a California corporation and CIM GROUP, LP, a California Limited Partnership,<br><br>Defendants. | Case No. 4:22-cv-03444-JSW<br><br>**DEFENDANT CIM GROUP, LP's ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>Judge: Hon. Jeffrey S. White<br>Courtroom 5, 2nd Floor<br><br>Trial Date:      None Set |

Defendant, CIM GROUP, L.P. ("CIM"), responds to Plaintiff DAVID GORDON OPPENHEIMER's ("Plaintiff") Complaint ("Complaint") as set forth below.  Unless expressly admitted herein, CIM denies each allegation in the Complaint.

**INTRADISTRICT ASSIGNMENT**

As to the allegations contained in paragraph 1 of the Complaint, CIM admits that Local Rule 3-2(c) permits an intradistrict transfer in this instance.

# PARTIES

As to the allegations contained in paragraph 2 of the Complaint, CIM lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, the allegations are denied.

As to the allegations contained in paragraph 3 of the Complaint, CIM admits the allegations set forth therein.

As to the allegations contained in paragraph 4 of the Complaint, CIM admits the allegations set forth therein.

# INTRODUCTORY FACTS

As to the allegations contained in paragraph 5 of the Complaint, CIM lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, the allegations are denied.

As to the allegations contained in paragraph 6 of the Complaint, CIM lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, the allegations are denied.

As to the allegations contained in paragraph 7 of the Complaint, CIM lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, the allegations are denied.

As to the allegations contained in paragraph 8 of the Complaint, CIM lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, the allegations are denied.

As to the allegations contained in paragraph 9 of the Complaint, CIM lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, the allegations are denied.

As to the allegations contained in paragraph 10 of the Complaint, CIM lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, the allegations are denied.

As to the allegations contained in paragraph 11 of the Complaint, CIM lacks

sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, the allegations are denied.

As to the allegations contained in paragraph 12 of the Complaint, CIM lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, the allegations are denied.

## FIRST CAUSE OF ACTION

As to paragraph 13, CIM incorporates by this reference its admissions and/or denials to Plaintiffs' allegations as set forth in paragraphs 1-12, above.

As to the allegations contained in paragraph 14 of the Complaint, CIM denies that it violated any of Plaintiff's rights pursuant to 17 U.S.C. 106 et. seq. within the actionable limitations period.

As to the allegations contained in paragraph 15 of the Complaint, CIM denies that it has benefitted from the alleged infringement. CIM lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis denies those allegations.

## SECOND CAUSE OF ACTION

As to paragraph 16, CIM incorporates by this reference its admissions and/or denials to Plaintiffs' allegations as set forth in paragraphs 1-15, above.

As to the allegations contained in paragraph 17 of the Complaint, CIM denies that it violated any of Plaintiff's rights pursuant to 17 U.S.C. 106 et. seq. within the actionable limitations period.

As to the allegations contained in paragraph 18 of the Complaint, CIM lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies those allegations.

As to the allegations contained in paragraph 19 of the Complaint, CIM lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies those allegations.

As to the allegations contained in paragraph 20 of the Complaint, CIM denies

that it has benefitted from the alleged infringement. CIM lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis denies those allegations.

### THIRD CAUSE OF ACTION

As to paragraph 21, CIM incorporates by this reference its admissions and/or denials to Plaintiffs' allegations as set forth in paragraphs 1-20, above.

As to the allegations contained in paragraph 22 of the Complaint, CIM lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies those allegations.

As to the allegations contained in paragraph 23 of the Complaint, CIM denies those allegations.

As to the allegations contained in paragraph 24 of the Complaint, CIM lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies those allegations.

As to the allegations contained in paragraph 25 of the Complaint, CIM denies those allegations.

As to the allegations contained in paragraph 26 of the Complaint, CIM denies those allegations.

As to the allegations contained in paragraph 27 of the Complaint, CIM denies those allegations.

### CAUSATION/DAMAGES

As to the allegations contained in paragraph 28 of the Complaint, CIM lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies those allegations.

### RELIEF REQUESTED AND DEMAND FOR JUDGMENT

The remainder of the Complaint contains Plaintiff's "requested relief" and a "demand for judgment" to which no response is required. To the extent a response is deemed necessary, CIM denies the allegations in Plaintiff's "requested relief" and a

"demand for judgment," and further avers that Plaintiff is not entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

CIM submits the following additional defenses and expressly reserves the right to assert other defenses if, among other things, the facts developed during discovery warrant amendment.

### FIRST AFFIRMATIVE DEFENSE
### (Infringement of Others)

1. CIM alleges that persons or entities other than CIM were themselves responsible for the Plaintiff's claimed damages, if any.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. To the extent CIM is, for whatever reason, deemed to have violated Plaintiff's rights pursuant to 17 U.S.C. § 106, and/or 17 U.S.C. § 1202, CIM asserts that Plaintiff's claims are barred by 17 U.S.C. § 507(b) in that, among other things, Plaintiff knew or should have known about the alleged infringement more than three years before it filed suit.

### THIRD AFFIRMATIVE DEFENSE
### (Innocent Infringement)

3. To the extent this Court determines, for whatever reason, that Defendant violated 17 U.S.C. §§ 106 and/or 1202, Defendant acted in good faith, innocent of any knowledge or intent to infringe Plaintiff's rights. If such good faith and lack of intent does not, as a matter of law, preclude a finding of liability, the extent and amount of any general or statutory damages awarded to Plaintiff should be correspondingly reduced as befitting an innocent infringer.

### FOURTH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

4. Plaintiff has failed to mitigate the damages, if any, that he has allegedly

suffered, based at least in part on Plaintiff's failure to send timely DMCA notices, and Plaintiff's failure to timely notify Defendant about the alleged infringements for which Plaintiff contends there is infringement liability. Moreover, on information and belief, Plaintiff sat on his claims after discovering them back in 2019 or earlier.

## FIFTH AFFIRMATIVE DEFENSE
### (Invalid Copyright)

5. Plaintiff's purported copyrights and registrations are invalid, properly subject to invalidation, void, and/or unenforceable based upon deficiencies, for which further investigation or discovery is likely to provide evidentiary support, as follows: (a) the registrations for the purported copyrights contain material that is not original and/or is not protectable as a matter of law; (b) the registrations for the purported copyrights contain materials originally developed by persons or entities other than Plaintiff; (c) the registrations for the purported copyrights contain materials in the public domain; and/or (d) the registrations were not properly obtained and/or do not provide protection for the work identified in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

6. Plaintiff's claims are barred in that they seek excessive damages from Defendant that would result in Plaintiff's unjust enrichment.

## SEVENTH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

7. CIM does not currently have sufficient knowledge or information about whether it may have affirmative defenses in addition to those stated in this Answer. Therefore, CIM reserves the right to amend this Answer to assert any such affirmative defenses at or before trial as additional information is obtained through discovery and investigation.

**DEFENDANT'S PRAYER**

WHEREFORE, CIM prays as follows:

1. Plaintiff take nothing by the Complaint;
2. Judgment be rendered in favor of CIM;
3. CIM be awarded costs of suit;
4. CIM be awarded its attorneys' fees incurred in the defense of this action; and
5. CIM be awarded whatever further relief the Court deems just and proper.

DATED: September 2, 2022        LEWIS BRISBOIS BISGAARD & SMITH LLP

By: ___*/s/ Jonathan Pink*___
JONATHAN S. PINK
Attorneys for Defendant CIM GROUP, LP

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, CIM GROUP, LP hereby demands a trial by jury of all issues triable by jury.

DATED: September 2, 2022        LEWIS BRISBOIS BISGAARD & SMITH LLP

By:   */s/ Jonathan Pink*
    JONATHAN S. PINK
    Attorneys for Defendant CIM GROUP, LP

**FEDERAL COURT PROOF OF SERVICE**
Oppenheimer v. CIM Group, LP, et al.

Case No. USDC-Northern – 4:22-cv-03444-JSW

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and not a party to the action. My business address is 650 Town Center Drive, Suite 1400, Costa Mesa, CA 92626. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On September 2, 2022, I served the following document(s): **DEFENDANT CIM GROUP, LP's ANSWER TO PLAINTIFFS' COMPLAINT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

(BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on September 2, 2022, at Costa Mesa, California.

                                                         */s/ Joe Mills*
                                                        Joe Mills

**SERVICE LIST**
Oppenheimer v. CIM Group, LP, et al.

Case No. USDC-Northern– 4:22-cv-03444-JSW

| | |
|---|---|
| LAWRENCE G. TOWNSEND (SBN 88184)<br>LAW OFFICES OF LAWRENCE G. TOWNSEND<br>One Concord Center<br>2300 Clayton Road, Suite 1400<br>Concord, California 94520<br>Telephone: 415.882.3290<br>Facsimile: 415.882.3232<br>Email: ltownsend@owe.com | *Attorneys for Plaintiffs* |

HAZEL MAE B. PANGAN
hpangan@grsm.com
PATRICK J. MULKERN
pmulkern@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

*Attorneys for Lockehouse Retail Group, Inc.*