UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GORDON OPPENHEIMER,<br><br>Plaintiff,<br><br>v.<br><br>LOCKEHOUSE RETAIL GROUP, et al.,<br><br>Defendants. | Case No. 22-cv-03444-JSW<br><br>**ORDER VACATING CASE MANAGEMENT CONFERENCE AND SCHEDULING TRIAL AND PRETRIAL MATTERS**<br><br>Re: Dkt. No. 21 |

This matter is scheduled for an initial case management conference on Friday, September 9, 2022. The Court has received and considered the parties' joint case management conference statement, and it HEREBY VACATES the case management conference.

It is ORDERED as follows:

**A.  DATES**

Deadline to Amend Pleadings:  November 10, 2022

Close of Non-expert Discovery:  May 15, 2023

Last Day for Expert Disclosure:  June 15, 2023

Last Day for Expert Rebuttal:  July 7, 2023

Last Day for Expert Discovery:  August 4, 2023

Last Day to Hear Dispositive Motions:  Friday, August 18, 2023, 9:00 a.m.

Pretrial Conference:  Monday, October 23, 2023, at 2:00 p.m.

Jury Selection:  Wednesday, November 8, 2023, at 8:00 a.m.

Trial Date:   Monday, November 13, 2023, at 8:00 a.m. (est. 3 days)

It is FURTHER ORDERED the parties shall follow this Court's Guidelines for Civil Jury Trials, which sets forth the deadlines for all pretrial filings, including the exchange of and

filing of motions in limine.

The parties are reminded that each side shall each be allowed to file ONE motion for summary judgment. Should the parties file cross-motions for summary judgment, they shall meet and confer to determine the order of filing and only submit four briefs to the Court for its review:

1. Opening summary judgment motion;
2. Opposition and cross-motion;
3. Reply to motion and opposition to cross-motion;
4. Reply to cross-motion (filed at least TWO WEEKS prior to hearing).

**B.    DISCOVERY**

The parties are reminded that a failure voluntarily to disclose information pursuant to Federal Rule of Civil Procedure 26(a) or to supplement disclosures or discovery responses pursuant to Rule 26(e) may result in exclusionary sanctions. Thirty days prior to the close of non-expert discovery, lead counsel for each party shall serve and file a certification that all supplementation has been completed.

If the parties have discovery disputes, they shall follow the procedures set forth in this Court's Civil Standing Orders. The Court reserves the right to refer discovery disputes to a randomly assigned Magistrate Judge.

**C.    ALTERNATIVE DISPUTE RESOLUTION**

This matter is referred to court-connected mediation, to be conducted by December 1, 2022, if possible. The parties shall promptly notify the Court whether the case is resolved at the mediation.

**D.    PROCEDURE FOR AMENDING THIS ORDER**

No provision of this order may be changed except by written order of this Court upon its own motion or upon motion of one or more parties made pursuant to Civil. L. R. 7-1 upon a showing of very good cause. A motion may take the form of a stipulation and proposed order pursuant to Civil L.R. 7-1(a)(5) and Civil L.R. 7-12, but the parties may not modify the pretrial

schedule by stipulation without a Court order.  If the modification sought is an extension of a deadline contained herein, the motion must be brought <u>before</u> expiration of that deadline.   A conflict with a court date set after the date of this order does not constitute good cause. The parties are advised that if they stipulate to a change in the discovery schedule, they do so at their own risk. The only discovery schedule that the Court will enforce is the one set in this order.  Additionally, briefing schedules that are specifically set by the Court may not be altered by stipulation without a Court order; rather the parties must obtain leave of Court.

**IT IS SO ORDERED.**

Dated: September 6, 2022

_____
JEFFREY S. WHITE
United States District Judge